## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. MICHAEL P. COPELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-13-1072-D |
| | ) | |
| 1. ARCHER PRESSURE PUMPING    LLC | ) | Arising in Custer County |
| | ) | ADA claim |
| Defendant. | ) | JURY TRIAL DEMANDED |

### COMPLAINT

**COMES NOW THE PLAINTIFF** and for his cause of action herein alleges that:

### PARTIES

1.   The Plaintiff is Michael P. Copeland, an adult resident of Weatherford, Oklahoma.

2.   The Defendant is Archer Pressure Pumping LLC, a business with its headquarters in Oklahoma County, Oklahoma, and doing business in Custer County, Oklahoma, among other locations.

### JURISDICTION AND VENUE

3.   This is a cause of action for discrimination based on disability as prohibited by the Americans With Disabilities Act, as amended, and by state law. Jurisdiction over the federal claim is vested pursuant to 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a). Jurisdiction over the state law claim is vested under 28 U.S.C. § 1367.

4.   All of the actions complained of occurred in Custer County, Oklahoma, and the Defendant may be served in that county as well as Oklahoma County, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5.   Plaintiff was an employee of Defendant from March 20, 2012 until his

1

termination on or about December 18, 2012.

6.    Defendant is a business entity which employed fifteen (15) or more persons during at least twenty (20) weeks during 2012 and the prior year.

7.    Plaintiff is a disabled person within the meaning of the Americans With Disabilities Act (ADA) as amended and Oklahoma law in that he suffered from an instability in his left arm which, in its unremediated and active form, substantially impaired that bodily function and the use of his arm.  To the extent that Plaintiff's surgical repair of that shoulder reduced or eliminated Plaintiff's actual disability, he is a person with a record of a disability.  Further Defendant perceived the Plaintiff as being substantially impaired and thus Plantiff was disabled under the "perceived" disability prong of the ADA as amended.

8.    On or about November 29, 2012, the Plaintiff was required to go through surgery to repair the instability in his shoulder which conduction was causing constant pain and substantially limited Plaintiff's use of that shoulder in comparison with an unimpaired person.

9.    On or about December 6, 2012, the Plaintiff returned to work with a limitation on the use of his left arm.

10.   Plaintiff's job position was that of a field supervisor and the limitation on the use of his left arm did not affect Plaintiff's ability to perform his job duties.

11.   On December 7, 2012, Plaintiff was taken off work by the Defendant expressly because Plaintiff had a limitation on the use of his left arm.  Defendant required the Plaintiff to apply for short term disability which involved a significant reduction in Plaintiff's income and denied him the accommodation of being allowed to continue working

12.   On December 18, 2012, Plaintiff was notified that his position was eliminated

2

and his employment was terminated.

13.    Such claim was false an a mere pretext as Defendant placed a non-disabled employee into Plaintiff's position shortly after the claimed job elimination.

14.    As the direct result of Plaintiff's termination, he has suffered lost income past, present and future and dignitary harms in the form of worry, anxiety, embarrassment and similar emotions for which he is entitled to compensation.

15.    Because the action of the Defendant was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages as provided by federal law and state law.

16.    The damage caps in the Oklahoma Anti-Discrimination Act (OADA) are an impermissible special law within the meaning of Oklahoma's constitutional prohibitions and limitations on special laws such that the damage caps should be stricken and the Plaintiff be allowed to recover normal tort damages, including punitive damages, under Oklahoma law.

## PRAYER

**WHEREFORE,** Plaintiff prays that he be awarded his actual and punitive damages herein together with costs, pre- and postjudgment interest and attorney's fees and any other relief as may be appropriate.

Respectfully submitted this 7th day of OCTOBER 2013.

s/ Mark Hammons
**HAMMONS, GOWENS, HURST& ASSOC**
**MARK HAMMONS OBA # 3784**
**325 DEAN A. McGEE**
**OKLAHOMA CITY, OK 73102**
**Phone: (405) 235-6100**
**Fax: (405) 235-6111**
**Email:mark@hammonslaw.com**